UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHA VISCONTI *also known as* MAHA MOQADDEM, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action No.  23-03829 (CRC) |
| LOUIS SEPE et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

Plaintiff Maha Visconti has sued her criminal defense attorney, Louis Sepe, as well as the Federal Bureau of Investigation (FBI), the "filing intake clerks" of the U.S. District Court for the Central District of California, and U.S. Magistrate Judge Pedro Castillo (collectively the federal defendants).[1]  Verified Am. Compl. for Viol. of Civil Rights, ECF No. 13 at 3-4.[2]  Mr. Sepe has moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 21.  For the following reasons, Sepe's motion will be granted, and the complaint against the federal defendants will be dismissed for want of jurisdiction.

**I.  BACKGROUND**

On September 4, 2023, the Superior Court of California, County of Los Angeles, appointed Sepe, a member of the Los Angeles County Bar Association ("LACBA"), to represent

---

[1]   See Am. Compl. at 4 (naming the United States of America as the employer of the judicial defendants).

[2]   All page citations are the numbers assigned by the electronic case filing system.

Plaintiff in a criminal case. Def.'s Ex. A, ECF No. 22-1 at 2.[3] In her disjointed 158-page amended complaint, Plaintiff alleges, among other things, that "Sepe in cahoots with others from LACBA and a Bench official (corrupt officers) engaged in defrauding Plaintiff, violated and continue to violate conflict of interest and the Constitution of United States Laws, as well as violation of 6th Amendment." Am. Compl. at 4. Sepe's alleged "conduct . . . started as of 9/6/2023 and the abusive conduct escalated on 12/12/2023 to serious endangerment to the life of Plaintiff and once more further misconduct of deliberate failure to communicate in writing on 12/14/2023 where Sepe got up and left." Id. at 6. Basically, Plaintiff alleges that Sepe failed to communicate with her on discovery matters before "scheduling [a] jury trial," id., and she seems to blame Sepe for "her false imprisonment," id. at 5, and "fraudulent conviction from a Grade IV charge of life sentence," id. at 6.

Separate from the alleged collusion, Plaintiff asserts that the FBI has "a duty to investigate fraud on the court, violations, fraudulent and false imprisonment and attempt to tamper with jury trial selection." Id. at 4. Invoking 42 U.S.C. § 1983, Plaintiff seeks $50 million in "special and punitive damages" and a "temporary and permanent injunction against" Sepe and the "Central District Court of State of California." Id. at 4, 6.

## II. LEGAL STANDARD

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the

---

[3] In deciding a Rule 12(b)(6) motion to dismiss, courts may consider documents attached to or incorporated by reference in the complaint, documents attached to the motion to dismiss as to which no party contests authenticity, and public records subject to judicial notice. Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1133 (D.C. Cir. 2015); Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004).

pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept a plaintiff's legal conclusions.  Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III.  ANALYSIS

#### A.  Sepe's Motion to Dismiss

Sepe argues that Plaintiff states no viable claim under 42 U.S.C. § 1983.  See Mem., ECF No. 21 at 8-11.  The Court agrees.

Section 1983 establishes a cause of action against persons who violate rights while acting "under color of" State law.  It is settled that "court-appointed defense attorneys and public defenders do not act under color of state . . . law when acting in their capacity as defense counsel and, therefore, are not subject to claims under . . . § 1983." Quiroz v. Moran, 707 Fed. Appx. 1 (D.C. Cir. 2017) (citing Polk County v. Dodson, 454 U.S. 312, 324 (1981) (other citation omitted)).  Because the allegations, to the extent intelligible, are based on Sepe's conduct as appointed counsel, the § 1983 claim "fails as a matter of law." Quiroz, 707 Fed. Appx. at 1. Having dismissed the federal claim, the Court declines to exercise supplemental jurisdiction over any purported legal malpractice claim arising under state law.  See Am. Compl. at 15-16, 21-25; 28 U.S.C. § 1367(c)(3) (permitting a district court to "decline to exercise supplemental jurisdiction" once it "has dismissed all claims over which it has original jurisdiction").

#### B.  Subject-Matter Jurisdiction

Before considering the merits of Plaintiff's remaining claims against the federal defendants, the Court must satisfy itself that it has subject-matter jurisdiction to consider the claim.  Lovitky v. Trump, 949 F.3d 753, 763 (D.C. Cir. 2020) (citation omitted).  "Federal courts

3

are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The waiver "must be unequivocally expressed in statutory text, and [it cannot] be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted).

By its terms, § 1983 does not apply to the federal defendants, see Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1105 (D.C. Cir. 2005) (finding "no statement or other indication that Congress intended to subject federal entities to § 1983 liability"), and Plaintiff has cited nothing to rebut the presumption that her "cause lies outside" the federal courts' limited jurisdiction, Kokkonen, 511 U.S. at 377. To the extent Plaintiff seeks an "injunction" against the "Central District Court," Am. Compl. at 6, this Court lacks jurisdiction over such matters. See Gray v. Poole, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The Rooker-Feldman doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.") (citing Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923)); United States v. Choi, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing Lewis v. Green, 629 F. Supp. 546, 553 (D.D.C. 1986)).

Finally, "federal courts are without power to entertain claims otherwise within their jurisdiction" that, as here, "are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" Hagans v. Lavine, 415 U.S. 528, 536–37 (1974). Plaintiff's bare assertion that the FBI has a "duty" to investigate her unsubstantiated

claims of fraudulent behavior and jury tampering during the criminal proceedings lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). That is so because in "both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review" and, save certain exceptions not present here, decisions in "criminal proceedings . . . rests entirely in" the Attorney General's discretion. Shoshone–Bannock Tribes v. Reno, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citing cases). Besides, "the FBI '*may* investigate' certain crimes involving a Government official or employee; but it is not required to investigate every complaint filed." Wightman-Cervantes v. Mueller, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (quoting 28 U.S.C. § 535(a) (emphasis in original)); see also Martinez v. U.S., 587 F. Supp. 2d 245, 249 (D.D.C. 2008) (concluding that "[t]he plaintiff's belief that the FBI had a duty to her that she may enforce through this civil action is mistaken" because "the Attorney General's guidelines on criminal investigations 'do not create a duty in favor of the general public'") (quoting Kugel v. United States, 947 F.2d 1504, 1507 (D.C. Cir. 1991)).

## IV.  CONCLUSION

For the foregoing reasons, the Court (1) grants Louis Sepe's Motion to Dismiss for failure to state a claim and (2) dismisses the complaint against the federal defendants for want of jurisdiction. See Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" the court determines that it lacks subject-matter jurisdiction).

A separate Order will issue contemporaneously.

/s/
CHRISTOPHER R. COOPER
United States District Judge

Date: April 11, 2024